FILED
United States Court of Appeals
Tenth Circuit

March 18, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

COLLINS OCHIENG,

        Petitioner,

v.

MICHAEL B. MUKASEY,[*]
Attorney General,

        Respondent.

Nos. 07-9530 & 07-9554

---

**ORDER**

---

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

    The respondent has filed a motion to publish the order and judgment previously issued on February 6, 2008. The motion is GRANTED. The published opinion is filed nunc pro tunc to that date, and a copy is attached.

                    Entered for the Court

                    ELISABETH A. SHUMAKER, Clerk

---

[*]    On November 9, 2007, Michael B. Mukasey became the United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Mukasey is substituted for Alberto R. Gonzales as the respondent in these matters.

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

COLLINS OCHIENG,

      Petitioner,

v.

MICHAEL B. MUKASEY,[*]
Attorney General,

      Respondent.

Nos. 07-9530 & 07-9554

---

## ON PETITIONS FOR REVIEW FROM
## THE BOARD OF IMMIGRATION APPEALS

---

Submitted on the briefs:[**]

Collins Ochieng, Pro Se.

Mark C. Walters, Assistant Director, Peter H. Matson, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

---

[*]     On November 9, 2007, Michael B. Mukasey became the United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Mukasey is substituted for Alberto R. Gonzales as the respondent in these matters.

[**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

Mr. Collins Ochieng, a native and citizen of Kenya proceeding pro se before this court, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of an order of removal (appeal No. 07-9530) and its denial of his motion to reopen (appeal No. 07-9554). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petitions for review.

I

Mr. Ochieng was admitted as a legal permanent resident in December 2003. In September 2005, he was convicted of an Idaho offense entitled "injury to children" and sentenced to three years fixed and seven years indeterminate imprisonment, all suspended. An immigration judge (IJ) found that the offense constituted a crime of violence and child abuse and determined that Mr. Ochieng should be removed. The BIA remanded the case because the record was not clear what evidence the IJ evaluated and it could not determine whether the IJ's decision was supported by sufficient evidence. On remand, the IJ accepted new evidence from the government over Mr. Ochieng's objection. He determined that the offense was not a crime of violence, but that it was a crime of "child abuse,

child neglect, or child abandonment" rendering Mr. Ochieng removable under 8 U.S.C. § 1227(a)(2)(E)(i). The BIA dismissed Mr. Ochieng's appeal.

Mr. Ochieng then filed a motion to reopen, arguing that his counsel was ineffective for failing to argue that the admission of the government's new evidence was barred by res judicata and for failing to move for relief from removal. The BIA denied the motion to reopen on the ground that Mr. Ochieng had not complied with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and had not shown prejudice from counsel's allegedly deficient performance. Mr. Ochieng filed timely petitions for review from each of the BIA's decisions. Upon Mr. Ochieng's request, this court consolidated the petitions for review for procedural purposes.

II

In both matters, the BIA issued its own brief single-member order. Thus, we review the BIA's orders, and "will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "However, when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Id.* We review legal questions de novo and factual findings for substantial evidence. *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005).

Mr. Ochieng raises numerous challenges to the BIA's dismissal of his appeal. For the following reasons, we find each argument meritless.

He first argues that the agency "mixed up two Idaho state statutes to produce [a Notice to Appear] charging the appellant with a felony." Pet'r Br. at 12. The agency did not err in determining that Mr. Ochieng's state conviction was under Idaho Code Ann. § 18-1501(1). While a September 6, 2005, minute order recited that the conviction was for "injury to children" under Idaho Code Ann. § 18-1505(1), that section involves abuse of vulnerable adults. A May 9, 2005, minute order documenting Mr. Ochieng's plea identified the crime as a violation of Idaho Code Ann. § 18-1501(1), which is entitled "[i]njury to children." The September 6 reference to § 1505 was obviously a typographical error, as the BIA found.

It was not error for the IJ to rely on the May 9 minute order because, in determining the existence of a conviction, an IJ may rely on "[a]n official record of plea, verdict, and sentence," 8 U.S.C. § 1229a(c)(3)(B)(i), "[o]fficial minutes of a court proceeding or a transcript of a court hearing in which the court takes notice of existence of the conviction," *id.* § 1229a(c)(3)(B)(iv), or "[a]ny document or record prepared by, or under the direction of, the court in which the conviction was entered that indicates the existence of a conviction," 8 C.F.R. § 1003.41(a)(6). Further, contrary to Mr. Ochieng's argument, a violation of

Idaho Code Ann. § 18-1501(1) is, or at least can be, a felony. *See State v. Young*, 64 P.3d 296, 299 (Idaho 2002) (characterizing § 18-1501(1) conviction as "felony injury to a child").

The agency also did not err in regard to the evidence. As the BIA stated, the admission of the May 9, 2005, minute order was not barred by res judicata because there had not yet been a final adjudication in the removal proceeding. *See MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (noting that the first element of res judicata is "a final judgment on the merits in an earlier action"). After the IJ's first decision, the BIA remanded for further proceedings, so at the time of the second hearing there was no final judgment to which res judicata could attach. Further, the BIA specifically provided in its remand order that "[i]n the remanded proceedings, the parties shall be permitted an opportunity to present further evidence regarding the respondent's removability and any removal relief for which he may be eligible." Admin. R. at 83. As for the documents (a complaint, a summons, and police reports) that Mr. Ochieng argues were incorrectly admitted and examined, the IJ specifically noted that he had not considered the police reports in making his findings. *Id.* at 77. And there is no indication that the BIA relied upon the complaint or summons, but even if the BIA did rely on those documents, it is not clear that such reliance would be error. *See Vargas v. Dep't of Homeland Sec.*, 451 F.3d 1105, 1109 (10th Cir. 2006) (holding that, in some circumstances, courts may look to reliable judicial

records, such as the charging document, to determine the factual basis for a plea). In any event, the BIA's decision is supported by substantial evidence that is sufficient to prove a conviction, namely, the two minute orders discussed above.

Mr. Ochieng also challenges the agency's determination that his conviction qualified as a crime of "child abuse, child neglect, or child abandonment" under § 1227(a)(2)(E)(i). Because the BIA is construing a statute that it administers, our review is deferential under the principles set forth in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984). *See INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999); *Loeza-Dominguez v. Gonzales*, 428 F.3d 1156, 1158 (8th Cir. 2005), *cert. denied*, 127 S. Ct. 67 (2006). Thus, we must decide "whether Congress has directly spoken to the precise question at issue"; if so, our inquiry is at an end. *Chevron*, 467 U.S. at 842. "[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843.

Congress did not define the terms "child abuse" or "child neglect" in the Immigration & Nationality Act. In a case determining whether an offense constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(A) because it qualified as "sexual abuse of a minor," the BIA defined "child abuse" as "any form of cruelty to a child's physical, moral or mental well-being." *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 996 (BIA 1999) (quotation and

parentheses omitted). The BIA applied that definition in this case as well. Like the Eighth Circuit, "[w]e see no basis to conclude that the BIA acted unreasonably in employing this common legal definition of 'child abuse'" in a case under § 1227(a)(2)(E)(i). *Loeza-Dominguez*, 428 F.3d at 1158. We also see no basis to conclude that the BIA erred in determining that the minimum behavior required for a conviction under Idaho Code Ann. § 18-1501(1) satisfies § 1227(a)(2)(E)(i). *See Young*, 64 P.3d at 299 ("A plain reading of section 18-1501(1) indicates that its purpose is to punish conduct or inaction that intentionally causes a child to suffer."); *id.* (noting that § 18-1501(1) does not reach "good faith decisions that turn out poorly–innocent mistakes in judgment").

Mr. Ochieng's other issues do not require extensive discussion. He contends that his offense was not a "crime of domestic violence." This question is irrelevant. Section 1227(a)(2)(E)(i) specifies several different bases for removal: (1) crimes of domestic violence, (2) crimes of stalking, or (3) crimes of "child abuse, child neglect, or child abandonment." The IJ determined, and the BIA agreed, that Mr. Ochieng's offense was a crime of "child abuse, child neglect, or child abandonment." The offense need not also qualify as a crime of domestic violence to render Mr. Ochieng removable. He also complains that the IJ erroneously found him removable as an aggravated felon. This contention simply is incorrect; the IJ specifically found that the conviction was <u>not</u> an aggravated felony, *see* Admin. R. at 78, 79, and the BIA did not indicate to the

contrary. He also complains that the agency relied on factually distinguishable authority in citing *United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1049 (9th Cir. 2003), and *Matter of Rodriguez-Rodriguez*. We do not find, however, that the BIA's reliance on these cases was improper.

Finally, Mr. Ochieng challenges his mandatory detention under 8 U.S.C. § 1226(c). This court is not the appropriate forum to raise such a challenge in the first instance. The Supreme Court has held that an alien may challenge detention under § 1226(c) through a habeas corpus proceeding under 28 U.S.C. § 2241. *Demore v. Kim*, 538 U.S. 510, 517 (2003). It appears that subsequently-enacted provisions of the REAL ID Act limiting habeas relief, codified at 8 U.S.C. §§ 1252(a)(5) and 1252(b)(9), do not apply in these circumstances, as Mr. Ochieng would not be seeking review of an order of removal, but review of his detention. *See Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007) (concluding that "both §§ 1252(a)(5) and 1252(b)(9) apply only to those claims seeking judicial review of orders of removal" and noting that the legislative history stated that the REAL ID Act "would not preclude habeas review over challenges to detention that are independent of challenges to removal orders" (quotation and added emphasis omitted)). We express no opinion on the merits of any § 2241 petition Mr. Ochieng may file.

Mr. Ochieng also challenges the BIA's denial of his motion to reopen. We have jurisdiction to review the denial of the motion to reopen. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). Our review is for abuse of discretion. *Id.*

The BIA did not abuse its discretion in denying the motion to reopen. Even if Mr. Ochieng met the *Lozada* requirements, he did not suffer prejudice from counsel's allegedly ineffective assistance. Particularly, as discussed above, there was no ground for counsel to argue that admission of the Idaho court's May 9, 2005, minute order was barred by res judicata. As for the other assignment of error Mr. Ochieng raises before this court (counsel's erroneous advice that he should petition the Ninth Circuit for review of the BIA's orders), it does not appear that this argument was presented to the BIA. In any event, he was not prejudiced by this incorrect advice because he has been able to pursue his petitions for review in this court.

### III

Mr. Ochieng's "Motion for Review" is construed as a supplemental petition for review. His motion to proceed in forma pauperis is GRANTED. His motion for reconsideration of this court's denial of his motion for a stay of removal is DENIED. His motion to supplement his motion to abate these appeals pending his state-court proceedings attacking his conviction is GRANTED, and his motion

to abate is DENIED.  Even if the state court were to vacate or otherwise alter

Mr. Ochieng's conviction, he could not seek relief from this court in the first

instance; he would initially have to seek relief at the agency level.  The petitions

for review are DENIED.