**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

YOSEP BUTARBUTAR; ERLYN
LASMA TARULI SIMANGUNSONG,

Petitioners,

v.

MICHAEL B. MUKASEY,
United States Attorney General,

Respondent.

No. 08-9518
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

Petitioners Yosep Butarbutar and his wife Erlyn Simangunsong seek review

of a final order of removal issued by the Board of Immigration Appeals ("BIA"),

which affirmed a decision of an Immigration Judge ("IJ") denying their

applications for asylum and restriction on removal. Because the BIA's decision is

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supported by substantial evidence, we exercise our jurisdiction under 8 U.S.C.

§ 1252(a) to deny the petition.

## I. Background

Petitioners are Indonesian citizens and practicing Christians who came to the United States in 1996 as part of an education program and overstayed their visas. They married in 2000 and later had a daughter who is a United States citizen. In 2003, they applied for asylum and restriction on removal claiming persecution on account of their religion. The IJ held a hearing in April 2006 at which both petitioners testified about abuses they suffered on account of their Christianity. Yosep testified that he was attacked by a group of Muslim men in 1996. He lost consciousness during the beating and awoke in the hospital where he remained for about a week. Erlyn testified that before leaving Indonesia, she too was attacked by Muslim men, but managed to escape unharmed. Both petitioners conceded that their family members, all Christians, remain in Indonesia and have suffered no harm on account of their faith.

The IJ found petitioners to be credible witnesses, but he denied the asylum applications because they were filed beyond the 1-year deadline set forth in section 208(a)(2)(B) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1158(a)(2)(B). Moreover, the IJ concluded that the single incidents suffered by each of the petitioners did not rise to the level of persecution and that they had no reasonable fear of future persecution given that their family members have

remained in Indonesia unharmed. He therefore concluded they were not entitled to restriction on removal.[1]

Petitioners appealed to the BIA. They did not challenge the IJ's finding concerning the untimeliness of their asylum applications, but argued they are entitled to restriction on removal based on well-founded fears of future persecution. They also argued for the first time that they fear persecution in Indonesia based on being the parents of an American child. And they filed a motion to reopen the case in order to submit evidence in support of this claim.

The BIA issued a brief order by a single board member affirming the IJ's decision. *See* 8 C.F.R. § 1003.1(e)(4)-(6) (explaining BIA's three procedural options for reviewing IJ decisions). It held that petitioners had failed to show that it is more likely than not that they will be persecuted on account of their faith if returned to Indonesia. In support, it noted that all of petitioners' family members are Christian and are living in Indonesia without incident, including Yosep's mother, who is an evangelical minister. The BIA went on to deny the motion to reopen, finding that petitioners failed to meet the requirements for such relief. In short, it concluded that "any fear of persecution that the [petitioners] may have as the parents of a United States citizen child could have been asserted at the former hearing on April 19, 2006." R. Vol. I at 3.

---

[1] The IJ also denied relief under the Convention Against Torture ("CAT"), but petitioners raised no CAT issues before the BIA and do not appear to be raising any such issues here.

-3-

In their appeal to this court, petitioners argue that the agency erred in several respects. They contend the record supports their assertions of past persecution on account of their faith, contrary to the IJ's findings. They also argue that the record shows that Christians as a group are widely persecuted throughout Indonesia, making it more likely than not that they too will be persecuted. Finally, they challenge the BIA's denial of their motion to reopen and argue that evidence of hostility toward Westerners is critical to their claim of persecution on account of their daughter's citizenship.

## II. Discussion

*A. Restriction on Removal*

Petitioners have not appealed the denial of their asylum applications. Accordingly, we review solely the agency's denial of restriction on removal. "The Attorney General may not remove an alien who establishes a clear probability of persecution in the country to which he would be returned." *Niang v. Gonzales*, 422 F.3d 1187, 1195 (10th Cir. 2005) (quotation omitted). To be entitled to such relief, petitioners must show that their lives or freedom would be threatened in Indonesia because of their "race, religion, nationality, membership in a particular group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). In reviewing the BIA's denial of restriction on removal, we "must look to the record for substantial evidence supporting the agency's decision: Our duty is to guarantee that factual determinations are supported by reasonable, substantial and

-4-

probative evidence considering the record as a whole." *Sarr v. Gonzales*, 474 F.3d 783, 788 (10th Cir. 2007) (quotation omitted). We may not reverse the BIA's decision "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005).

In affirming the IJ's denial of restriction on removal, the BIA noted that petitioners' family members "continue to reside in Indonesia without incident." R. Vol. I. at 2. Therefore, it concluded that petitioners "failed to establish that it is *more likely than not* that they will be persecuted as Christians in Indonesia." *Id.* There is substantial evidence in the record to support this conclusion. Both petitioners testified that their parents and siblings are practicing Christians. And Yosep testified that his mother, an evangelist, gives sermons out of the family home. Nonetheless and despite widespread religious turmoil in Indonesia, none of their family members have been targeted by Muslim extremists or otherwise harmed on account of their faith. Accordingly, there is no reason to believe it is more likely than not that petitioners will be targeted.

This would ordinarily end our review since the BIA's decision in this case "contains a discernible substantive discussion that stands on its own." *Sarr*, 474 F.3d at 790 (quotation omitted). But petitioners also contended they were subjected to past persecution. The IJ rejected their claims, determining that the isolated incidents they described did not rise to the level of persecution. The BIA

did not address this finding, which is key because if petitioners established past persecution, they were entitled to a rebuttable presumption of future persecution. *Niang*, 422 F.3d at 1195. Accordingly, we must review the agency's decision on this issue, and since it is only discussed in the IJ's opinion, we review the IJ's reasoning. *Cf. Sarr*, 474 F.3d at 790 (explaining that we may look to IJ's reasoning when it is "all that can give substance to the BIA's reasoning"). We cannot say that any reasonable adjudicator would be compelled to disagree with the IJ. "Persecution is the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive, and requires more than just restrictions or threats to life and liberty." *Tulengkey,* 425 F.3d at 1280 (quotation omitted). The attacks perpetrated on the petitioners were indeed reprehensible, but under this court's precedent, such isolated acts of violence are simply insufficient to establish a claim of past persecution. *See, e.g., id.* at 1280-81 (collecting cases and holding that attack resulting in minor injury and separate incident involving harassment by Muslims did not amount to persecution).

## B. Motion to Reopen

Petitioners also challenge the BIA's denial of their motion to reopen, which sought to introduce evidence of the persecution they may face on account of being parents of an American child. We review this decision for an abuse of discretion. *Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008). The BIA denied the

motion under the applicable regulation, which states that "[a] motion to reopen proceedings shall not be granted unless . . . [the] evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c). Petitioners' daughter was born over a year before they had their hearing, and as the BIA pointed out, evidence of hostility towards Westerners, including the State Department's 2005 travel warning, was also available at that time. We therefore hold that the BIA did not abuse its discretion in concluding that petitioners could have made this argument and provided supporting evidence to the IJ at their hearing. Consequently, we do not consider petitioners' arguments concerning possible persecution on account of their American-born daughter.

The petition for review is DENIED.

Entered for the Court


Michael W. McConnell
Circuit Judge