**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ABDELFATAH AIT AMMI, a/k/a
Abdelfa Aitammi,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 09-9524
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **EBEL**, and **MURPHY**, Circuit Judges.

Abdelfatah Ait Ammi, a citizen of Morocco, has filed a petition for review

and a motion to stay his removal from the United States. An Immigration Judge

(IJ) entered an order of removal and ordered his detention in the custody of the

Department of Homeland Security. The Board of Immigration Appeals (BIA)

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied his appeal of the IJ's custody decision on April 14, 2009. His appeal of the removal order remains pending before the BIA.

This court's jurisdiction is "grounded in statute." *Bender v. Clark*, 744 F.2d 1424, 1426 (10th Cir. 1984). Jurisdiction to review removal proceedings arises under a specific statutory grant in the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(1). *See Hamilton v. Gonzales*, 485 F.3d 564, 565 (10th Cir. 2007). Section 1252(a)(1) "establishes judicial review of a final order of removal." *Id*. (alteration and quotation omitted). "We construe § 1252(a)(1) narrowly and have consistently found we lack jurisdiction to review immigration decisions that fall short of a final removal order." *Id*. at 566.

"An order of removal becomes *final* when the BIA either (1) affirms an immigration judge's removal decision, or (2) when the time for appealing that decision has expired." *Id.* at 565-66. Mr. Ammi's case satisfies neither of these requirements. As a consequence, we have no jurisdiction to review the removal order entered by the IJ.

We also lack jurisdiction to review the agency's decision to detain Mr. Ammi without bond. Under some circumstances, an alien may challenge his detention in district court in a 28 U.S.C. § 2241 habeas action. *Ochieng v. Mukasey,* 520 F.3d 1110, 1115 (10th Cir. 2008). But "[t]his court is not the appropriate forum to raise such a challenge in the first instance." *Id.*

The petition for review is DISMISSED for lack of jurisdiction. "We express no opinion on the merits of any § 2241 petition [Mr. Ammi] may file." *Id.* Further, a prerequisite for consideration of a motion for stay pending appeal is appellate jurisdiction over the underlying appeal. *See Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 756-57 (10th Cir. 1993). Mr. Ammi's motion for a stay is DENIED and his motion for leave to proceed in forma pauperis is GRANTED.

Entered for the Court

Per Curiam