**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAMERO QUEZADA-DUARTE,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 10-9565

Petition for Review

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Ramero Quezada-Duarte petitions for review of the decision by the Board

of Immigration Appeals (BIA) upholding the order of removal by the immigration

judge (IJ). His challenge focuses on the BIA's grant of a motion by the

Department of Homeland Security (DHS) to reconsider and rescind the BIA's

grant of Mr. Quezada-Duarte's motion to reopen the proceedings after the BIA

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

initially affirmed the IJ's decision. We have jurisdiction under 8 U.S.C. §

1252(a), *see Ochieng v. Mukasey*, 520 F.3d 1110, 1112–13 (10th Cir. 2008), and

deny the petition.

## I.    BACKGROUND

Mr. Quezada-Duarte is a native and citizen of Mexico. He illegally entered

the United States in late 1989. On January 6, 2004, he was arrested for

possession of cocaine and heroin, and DHS commenced removal proceedings

against him shortly thereafter.

At a hearing on November 30, 2004, Mr. Quezada-Duarte admitted that he

was removable but requested cancellation of removal. An alien who is a

nonpermanent resident is eligible for cancellation of removal if he

> (A) has been physically present in the United States for a continuous
> period of not less than 10 years immediately preceding the date of
> [his] application [for cancellation];
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of [certain offenses]; and
> (D) establishes that removal would result in exceptional and
> extremely unusual hardship to [his] spouse, parent, or child, who is a
> citizen of the United States or an alien lawfully admitted for
> permanent residence.

8 U.S.C. § 1229b(b)(1). Following the merits hearing on April 23, 2007, the IJ

denied Mr. Quezada-Duarte's request on two grounds.

First, the IJ ruled that Mr. Quezada-Duarte failed condition B because he

did not have "the requisite good moral character." Cert. Admin. R. at 139. The

IJ relied on 8 U.S.C. § 1101(f)(6), which states: "No person shall be regarded as,

-2-

or found to be, a person of good moral character who, during the period for which good moral character is required to be established is, or was . . . one who has given false testimony for the purpose of obtaining any benefits under" the INA. The IJ found that Mr. Quezada-Duarte had given false testimony at the removal hearing. At the outset of the hearing, Mr. Quezada-Duarte spent 20 minutes reviewing his application for errors, made some changes, and then testified that it was correct as amended. Yet, as he admitted on questioning by the IJ and by counsel for DHS, the application erroneously stated that he lived in Utah, that he was not married, and that he had never been arrested.

Second, the IJ found that Mr. Quezada-Duarte failed condition D. Mr. Quezada-Duarte had contended that his deportation would "result in exceptional and extremely unusual hardship" to his daughter, who is a United States citizen. Although the IJ thought it a close question, he said that the standard had not been satisfied.

The BIA affirmed the IJ's denial of the request for cancellation on June 20, 2008, stating that Mr. Quezada-Duarte had "failed to establish that his qualifying relative would suffer 'exceptional and extremely unusual hardship.'" Cert. Admin. R. at 78. Three months later, however, Mr. Quezada-Duarte asked the BIA to reopen his case, asserting that he had new evidence that removal would cause "immeasurabl[e] detriment" to his daughter. *Id.* at 50. The BIA granted the motion on February 26, 2009, explaining that although the new evidence was

unlikely to "create the likelihood that relief will be granted," it was "new, previously unavailable material evidence directly relevant to the hardship issue." *Id.* at 28. A week later DHS asked the BIA to reconsider, contending that even if Mr. Quezada-Duarte could satisfy condition D, he would still be ineligible for relief because he was not a person of good moral character. A single member of the BIA issued a nonsummary decision granting the DHS motion to reconsider and denying Mr. Quezada-Duarte's motion to reopen. The decision explained:

> [T]he [IJ's] conclusion as a matter of law that [Mr. Quezada-Duarte] was not eligible for cancellation of removal because of the lack of good moral character was not improper. Therefore, even if the motion does present newly available material evidence relevant to hardship, [he] is still not prima facie eligible for cancellation of removal as a matter of law.

*Id.* at 4 (citation omitted).

## II.    DISCUSSION

We review the BIA decision based on the grounds articulated by the BIA's decision and grounds raised in the IJ's decision that were relied upon by the BIA. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1123 (10th Cir. 2007). We review purely legal questions de novo, *Hayrapetyan v. Mukasey*, 534 F.3d 1330, 1335 (10th Cir. 2008), but "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the denial of a motion to reopen for abuse of discretion. *See Dulane v. INS*, 46 F.3d 988, 994 (10th Cir. 1995). We generally

-4-

lack jurisdiction to review decisions regarding cancellation of removal, *see* 8 U.S.C. § 1252(a)(2)(B)(i); but we can review "constitutional claims or questions of law involving statutory construction," *Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007); *see* 8 U.S.C. § 1252(a)(2)(D).

Mr. Quezada-Duarte contends that the IJ erred in finding that he had "given false testimony for the purpose of obtaining any benefits." 8 U.S.C. § 1101(f)(6). He argues (1) that the errors in his application were not "false testimony" because they were in writing and (2) that the errors were inadvertent and not "for the purpose of obtaining any benefits under [the INA]." *Id.* His first argument is based on the correct legal premise that "'testimony' is limited to oral statements made under oath." *Kungys v. United States*, 485 U.S. 759, 780 (1988). But it fails on the facts because he ignores his testimony adopting the application. As for the second argument, it is limited to his false statements concerning his residence and marital status. He does not address his false statement that he had not been arrested. But that false statement by itself could support the IJ's finding; and we will affirm a decision of a lower tribunal if the party seeking reversal does not challenge each independent ground relied on by that tribunal in reaching its decision. *See Metzger v. UNUM Life Ins. Co. of Am.*, 476 F.3d 1161, 1168 (10th Cir. 2007). Accordingly, we affirm the BIA's denial of Mr. Quezada-Duarte's motion to reopen.

## II.    CONCLUSION

We DENY the petition for review.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge