**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 22, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LATIKA PRADHAN MUKHIA,

            Petitioner,

v.                                                          No. 12-9551
                                                    (Petition for Review)
ERIC H. HOLDER, JR., United States
Attorney General,

            Respondent.

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

        Latika Pradhan Mukhia petitions for review of the Board of Immigration

Appeals' ("BIA" or "Board") denial of her motion to reopen removal proceedings

based on ineffective assistance of counsel and a material change in country

---

[*]        After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conditions.  Exercising jurisdiction under 8 U.S.C. § 1252(a), we remand to the BIA

for further proceedings consistent with this order and judgment.

**BACKGROUND**

Ms. Mukhia is a native and citizen of Nepal.  After legally entering the United

States with her adult son in November 2004, they overstayed their six-month

authorized period.  Ms. Mukhia's husband had legally entered the United States in

2001, and he also remained in the country illegally.  In August 2005, Ms. Mukhia

retained Ravi Kanwal as her counsel, and on August 30 she filed an application

seeking asylum for herself and her husband.[1]  After an asylum officer found aspects

of her application not credible, the Department of Homeland Security ("DHS")

served Ms. Mukhia with a Notice to Appear on May 2, 2006, charging her as

removable pursuant to 8 U.S.C. § 1227(a)(1)(B).  She appeared before an

immigration judge ("IJ") in consolidated removal proceedings with her husband and

son.  They conceded removability and sought relief in the form of asylum,

withholding of removal, and protection from removal under the Convention Against

Torture.

Ms. Mukhia claimed a fear of persecution and torture based on her political

opinions and her membership in particular social groups.  At the IJ hearing, she

testified that the Maoists in Nepal had threatened her and demanded money from her,

threatened and beaten her husband and son, and bombed their house.  She asserted

---

[1]     Ms. Mukhia's son filed a separate asylum application.

that the Maoists were interested in her and her family members because they spoke out against the Maoist party and because of their membership in anti-Maoist organizations.  She indicated that she was a member of both the Nepali Congress Party and a related teachers' organization.

The IJ found that Ms. Mukhia had not presented any evidence corroborating her testimony.  In denying her applications for relief, the IJ stated that her "testimony was not sufficiently detailed, consistent, or believable to provide a plausible and coherent account for the basis for her fears and thus cannot suffice to establish her eligibility for asylum without corroborating evidence."  Admin. R. at 225.  The IJ ordered Ms. Mukhia, her husband, and her son removed to Nepal.  They appealed the IJ's removal order to the BIA, alternatively seeking a remand to the IJ for consideration of additional evidence.  That evidence included a letter from the school where Ms. Mukhia had taught in Nepal and a statement from a Nepali police inspector about reports that she had filed regarding her conflicts with the Maoists. The Board dismissed the appeal on October 23, 2008, agreeing with the IJ that Ms. Mukhia "failed to provide sufficient evidence to carry her burden of proof and persuasion for eligibility for [relief]."  *Id.* at 192.  The BIA also denied the motion to remand to the IJ, stating:

> The letters the respondent has submitted on appeal are of limited
> evidentiary value.  They are uncertified, unauthenticated, copies of
> letters.  Moreover, the respondent indicates that the letter from the
> police was procured by bribery.  We do not find that the respondent has
> submitted sufficient new, material, and previously unavailable evidence
> to support her motion to remand.

*Id.* (citation omitted).

Mr. Kanwal, Ms. Mukhia's counsel, then filed a motion to reopen. He submitted an affidavit from her explaining why she failed to present corroborating evidence at the IJ hearing, and he attached the originals of the documents that she had filed with her motion to remand. The BIA denied the motion to reopen, finding that Ms. Mukhia did not explain how the letter from the school in Nepal came into her possession and failed to establish that it was unavailable at the time of the IJ hearing. It also found that the Nepali police inspector's statement remained unauthenticated, despite her explanation that she obtained it with the assistance of former Nepali police officers living in the United States and by way of a bribe.

DHS removed Ms. Mukhia's husband to Nepal on August 12, 2010. After DHS subsequently detained her son, she retained new counsel. On October 28, 2011, she filed her second motion to reopen and a motion to reconsider. She asserted two grounds for her late and successive motion to reopen: ineffective assistance of her former counsel, Mr. Kanwal, and a change of country conditions in Nepal.

As to Mr. Kanwal's ineffective assistance, Ms. Mukhia asserted that he failed to respond to her repeated inquiries about the status of her case; he did not advise her that her appeal had been dismissed by the BIA; he filed a motion to reopen without her knowledge and failed to inform her that it was denied; and he did not give her timely and appropriate legal advice about the documentary evidence required for her case, including the need to authenticate documents. Ms. Mukhia also claimed that

- 4 -

she signed an affidavit prepared by Mr. Kanwal, not knowing that it falsely asserted that she had paid a bribe to obtain the statement from the Nepali police. She maintained that, as a result of Mr. Kanwal's ineffective assistance, her asylum claim was denied based on a lack of corroborating evidence. Ms. Mukhia also submitted evidence that in July 2009 Mr. Kanwal had been suspended for two years from practicing before immigration tribunals for engaging in unethical and unprofessional conduct, working as an attorney in Colorado without authorization, failing to comply with his non-immigrant visitor visa, and remaining in the United States illegally since 1995. The evidence indicated that, on similar grounds, Mr. Kanwal had also been suspended from the practice of law by the Colorado Supreme Court.

Regarding her claim of changed country conditions in Nepal, Ms. Mukhia asserted that her new evidence demonstrated that the Maoists had gained political control in Nepal and were committing atrocities, intimidation, torture, and killings. She sought to file a successive asylum application based on these alleged changes in country conditions in Nepal.

The BIA first found that Ms. Mukhia's motion to reconsider was untimely and that she presented no exceptional situation warranting sua sponte reconsideration.[2] It also found that her motion to reopen was both untimely and number-barred. The

---

[2]     Ms. Mukhia does not challenge the BIA's denial of her motion for reconsideration in either of her appeal briefs. She has therefore waived appellate consideration of that issue. *See Kabba v. Mukasey*, 530 F.3d 1239, 1248 (10th Cir. 2008).

Board next addressed Ms. Mukhia's claim of ineffective assistance of counsel, as a basis for equitable tolling of the time and numerical limits for her motion to reopen. It found that she had met the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and that she had shown that Mr. Kanwal did not perform with sufficient competence. But the BIA concluded that she failed to show prejudice. Finally, as to her claim of a change in country conditions, the Board found that she failed to show changed circumstances that were material to her claims for relief. The BIA therefore denied her motion to reopen as untimely and number-barred. Ms. Mukhia filed a timely petition for review of the BIA's order.

## DISCUSSION

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (quotation omitted). In this case, we cannot perform a meaningful review of the Board's decision, which fails to sufficiently articulate its reasoning. *See Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003). We therefore remand to the BIA for further explanation of the bases for its denial of Ms. Mukhia's motion to reopen.

*Ineffective Assistance of Counsel*

In general, an alien may file only one motion to reopen, which must be filed within 90 days of the final administrative decision. *See* 8 C.F.R. § 1003.2(c)(2). But the time limitation on a motion to reopen may be equitably tolled based on a claim of ineffective assistance of counsel. *See Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002).[3] "[T]he Fifth Amendment guarantees aliens subject to deportation the right to a fundamentally fair deportation proceeding." *Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002). And "although there is no right to appointed counsel in deportation proceedings," an alien "can state a Fifth Amendment violation if he proves that retained counsel was ineffective and, as a result, the petitioner was denied a fundamentally fair proceeding." *Id.*

To succeed on a claim of ineffective assistance of counsel, an alien must show that she was prejudiced by her counsel's ineffective performance. *See Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008) (rejecting ineffective-assistance claim based on failure to show prejudice); *see also Lozada*, 19 I. & N. Dec. at 638 (stating alien "must show . . . that he was prejudiced by his representative's

---

[3]     We noted in *Riley* that other circuits have held that the *numerical* limitation on motions to reopen can be "equitably tolled" based on a claim of ineffective assistance of counsel. 310 F.3d at 1257-58. In *Riley*, only the time limitation was at issue. *See id.* at 1257. Here the Attorney General does not argue that Ms. Mukhia's motion to reopen was barred solely because it was her second such motion, nor did the BIA deny her motion on that basis. Therefore, we need not resolve in this case whether a claim of ineffective assistance of counsel provides an exception to the numerical limitation on motions to reopen.

performance"). An alien shows prejudice by demonstrating that, but for her counsel's ineffective performance, the result of her case would have been different. *Cf. Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1163 (10th Cir. 2003) (rejecting due-process claim in removal proceedings based on alien's failure to show that additional procedures would have changed the result in his case); *see also Sako v. Gonzales*, 434 F.3d 857, 864 (6th Cir. 2006) (holding alien "must establish that, but for the ineffective assistance of counsel, he would have been entitled to [relief]"). Here, Ms. Mukhia contended that Mr. Kanwal failed to advise her regarding the documents necessary to support her asylum claim or the authentication necessary to make her evidence admissible, and as a result, her asylum application was denied based on a lack of corroborating evidence.

The BIA concluded that Ms. Mukhia failed to establish prejudice as a result of her former counsel's ineffective assistance. In support of that determination, the Board simply reiterated its previous findings that the corroborating documents submitted by her former—ineffective—counsel were not authenticated and failed to establish chain of custody or previous unavailability. Without more, these findings do not provide a rational explanation for the BIA's conclusion that Ms. Mukhia failed to show prejudice.

The Attorney General offers several possible reasons to support the Board's decision, including its contention that Ms. Mukhia failed to submit any additional corroborating evidence with her motion to reopen and did not attempt to authenticate

the evidence she had previously submitted. But the BIA's decision did not articulate any of the reasoning advocated by the Attorney General, and we "may not uphold an agency action on grounds not relied on by the agency." *Mickeviciute*, 327 F.3d at 1163 (quotations omitted). Rather, "[t]he agency must make plain its course of inquiry, its analysis and its reasoning. After-the-fact rationalization by counsel . . . will not cure noncompliance by the agency with these principles." *Id.* at 1163-64 (quotation omitted). "Because an agency has a duty not only to reach an outcome, but to explain that outcome, we intrude on the agency's authority . . . by supporting a result reached by the agency with reasoning not explicitly relied on by the agency." *Id.* at 1165. We therefore remand to the BIA for further explanation of its determination that Ms. Mukhia failed to show prejudice as a result of her former counsel's ineffective assistance.

### *Changed Country Conditions*

"Under 8 U.S.C. § 1229a(c)(7)(C)(ii) a motion to reopen to apply for asylum based on proof of changed country conditions is not barred by the time restriction on filing motions to reopen if 'such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.'" *Wei v. Mukasey*, 545 F.3d 1248, 1254 (10th Cir. 2008) (quoting § 1229a(c)(7)(C)(ii)).[4]

---

[4]     Unlike § 1229a(c)(7)(C)(ii), the corresponding regulation also provides for an exception to the *numerical* limitation applicable to motions to reopen based on proof of changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). But, again, because the BIA did not decide and the Attorney General does not contend that Ms. Mukhia's

(continued)

- 9 -

Ms. Mukhia argued that the BIA should reopen her removal proceedings to allow her to file a successive asylum application based on changed political circumstances in Nepal, specifically changes resulting from the Maoists becoming the ruling party.

The BIA rejected Ms. Mukhia's contention, stating that "[e]ven if we assume changed country conditions or changed circumstances in Nepal (which we do not), the respondent does not show that any such changed country conditions or changed circumstances are material to her claims for asylum and withholding of removal." Admin. R. at 8. In support of this conclusion, the Board did not discuss any of the evidence that Ms. Mukhia had submitted or explain why it failed to show changed country conditions that are material to her claims for relief. Instead, the BIA stated only that she failed to allege that her husband had been mistreated by the Maoists since his removal to Nepal in August 2010.

Once again, the Attorney General attempts to support the BIA's decision with his own detailed comparison of the conditions in Nepal at the time of Ms. Mukhia's IJ hearing and when she filed her second motion to reopen. As noted, however, the Board did no such analysis. And while we have held that the continued presence of an alien's family members in the country of removal without further harm undercuts an asserted fear of persecution, *see Ritonga v. Holder*, 633 F.3d 971, 977 (10th Cir. 2011), neither the BIA nor the Attorney General has cited a case holding that factor

___

motion to reopen was barred solely because it was her second such motion, "[w]e express no view on whether . . . § 1003.2(c)(3)(ii) provides a valid exception to the numerical limitation on motions to reopen, *Wei*, 545 F.3d at 1254 n.2.

to be dispositive of a claim of material changes in country conditions. Nor is it clear from the BIA's order that it intended to rely solely on that ground in reaching its decision. Because the Board did not sufficiently articulate its reasoning, we cannot perform a meaningful review. *See Mickeviciute*, 327 F.3d at 1162. We therefore direct the BIA, on remand, to explain its bases for concluding that Ms. Mukhia failed to show changed circumstances in Nepal that are material to her claims for relief.

## CONCLUSION

For the reasons stated above, we remand to the BIA for further explanation of its decision denying Ms. Mukhia's motion to reopen. In doing so, we take no position on whether there are defensible reasons for denying her motion. "We maintain merely that such reasons must come from the BIA in the first instance, and we remand for that explanation." *Id.* at 1164.

Entered for the Court

Monroe G. McKay
Circuit Judge