**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VICTOR RAMON VELAZQUEZ-
HERRERA,

                *Petitioner,*

        v.

ALBERTO R. GONZALES, Attorney
General,

                *Respondent.*

No. 04-72417

Agency No.
A35-874-084

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
July 28, 2006—Seattle, Washington

Filed October 19, 2006

Before: J. Clifford Wallace, Kim McLane Wardlaw and
Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Matthew B. Weber, Weber & Marks, PLLC, Seattle, Washington, for the petitioner.

Susan K. Houser and Leslie McKay (argued), Attorneys, Department of Justice, Office of Immigration Litigation, Washington, D.C., for the respondent.

**OPINION**

PER CURIAM:

Victor Ramon Velazquez-Herrera petitions for review of the decision of the Board of Immigration Appeals (BIA) adopting and affirming the decision of the Immigration Judge (IJ), who determined that petitioner's conviction under Washington's fourth degree assault statute, Wash. Rev. Code § 9A.36.041, constituted a crime of child abuse under 8 U.S.C. § 1227(a)(2)(E)(i), thereby making petitioner removable and ineligible for discretionary relief. We grant the petition and remand to the BIA so that it may issue a precedential decision defining what constitutes a crime of child abuse for purposes of § 1227(a)(2)(E)(i) and apply that definition to petitioner's conviction in accordance with *Taylor v. United States*, 495 U.S. 575 (1990).

We have jurisdiction to review questions of law raised in a petition for review. *See* 8 U.S.C. § 1252(a)(2)(D).

**[1]** The Immigration and Nationality Act does not define the term "child abuse" in 8 U.S.C. § 1227(a)(2)(E)(i) ("Any alien who at any time after admission is convicted of . . . a crime of child abuse . . . is deportable."), nor has our case law defined the term as it is used in that statute. The BIA has described child abuse in another context as "[a]ny form of cruelty to a child's physical, moral or mental well-being," relying on Black's Law Dictionary. *See In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 996 (BIA 1999) (alteration in original). This language, however, was dictum not essential to the Board's holding, which concerned the definition of "sexual abuse of a minor." *Id.*

The IJ in the case before us found that "assault on a child is abuse, even if it is only a minor touching, as comprehended by the statute, because of the unfair advantage that an adult has over a child . . . ." The IJ never mentioned *Rodriguez-*

*Rodriguez* in his decision. The BIA, in a short, nonprecedential decision, "adopt[ed] and affirm[ed] the decision of the Immigration Judge."

The *Rodriguez-Rodriguez* definition of child abuse — "cruelty to a child's physical, moral or mental well-being" — and the definition the IJ and the BIA adopted in this case are not entirely consistent. The source *Rodriguez-Rodriguez* consulted, Black's Law Dictionary 405 (8th ed. 2004), defines "cruelty" as "[t]he intentional and malicious infliction of mental or physical suffering on a living creature." Under Washington law, fourth degree assault includes conduct such as nonconsensual, offensive touching or spitting. *See State v. Aumick*, 894 P.2d 1325, 1328 n.12 (Wash. 1995) (en banc); *State v. Humphries*, 586 P.2d 130, 133 (Wash. Ct. App. 1978). Therefore, Washington's fourth degree assault statute criminalizes conduct that falls short of the "cruelty" standard in *Rodriguez-Rodriguez*.[1] In contrast, the IJ's definition of child abuse that the BIA approved in this case is broader and would categorically classify *all* assaults against children as child abuse. So long as the victim is a child, a conviction under Washington's fourth degree assault statute would therefore fall within this second definition.

**[2]** We decline to reach the question whether either of these two definitions (or any other definition) is a permissible construction of 8 U.S.C. § 1227(a)(2)(E)(i) because neither the dictum in *Rodriguez-Rodriguez* nor the definition the BIA adopted in this case constitutes "a statutory interpretation that carries the 'force of law.'" *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 922 (9th Cir. 2006) (discussing *United States*

---

[1]However, the definition of "child abuse" in the most recent Black's Law Dictionary does not use the term "cruelty." *See* Black's Law Dictionary 10 (8th ed. 2004) (defining "child abuse" as "[i]ntentional or neglectful physical or emotional harm inflicted on a child, including child molestation" or alternatively as "[a]n act or failure to act that presents an imminent risk of serious harm to a child").

*v. Mead Corp.*, 533 U.S. 218, 226-27, 233 (2001)); *see generally Shivaraman v. Ashcroft*, 360 F.3d 1142, 1145 (9th Cir. 2004) ("We review de novo an agency's construction of a statute that it administers, subject to established principles of deference."). Given that the Board has twice touched upon the issue of child abuse without authoritatively defining the term, and that the Board's two definitions are not consistent with each other, we think it prudent to allow the BIA in the first instance to settle upon a definition of child abuse in a precedential opinion.

Accordingly, we **GRANT** the petition for review and **REMAND** this case to the BIA to allow it an opportunity to issue a precedential opinion regarding the definition of "child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i). *Cf. INS v. Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam). We also **REMAND** so that the BIA may determine whether the full range of conduct proscribed by Washington's fourth degree assault statute falls within the definition of "child abuse" and, if necessary, may apply that definition to the conviction record in this case. *See Taylor*, 495 U.S. at 599-602; *Cisneros-Perez v. Gonzales*, 451 F.3d 1053, 1059 (9th Cir. 2006) ("Under the modified categorical approach, the IJ [and the BIA] could look only to the record of conviction . . . , not to the underlying facts.").

**PETITION GRANTED; REMANDED.**