**Antonio Severiano PENALOZA–TORI-BIO; Justina Virgilia Hernandez–Gonzalez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71960.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 23, 2007.

Shan D. Potts, Esq., Robert G. Berke, Esq., Berke Law Offices, Los Angeles, CA, for Petitioners.

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., M. Jocelyn Lopez Wright, Esq., Stacey I. Young, Esq., Kristin K. Edison, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Antonio Severiano Penaloza–Toribio and his wife, Justina Virgilia Hernandez–Gonzalez, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing de novo, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), we grant the petition for review and remand for further proceedings.

The BIA's decision rested on its conclusion that Penaloza–Toribio's conviction "satisfies the meaning of child abuse as contemplated under section 237(a)(2)(E)(i) of the Act." We subsequently decided *Velazquez–Herrera v. Gonzales,* 466 F.3d 781 (9th Cir.2006) (per curiam), a case in which we remanded "to allow [the BIA] an opportunity to issue a precedential opinion

regarding the definition of 'child abuse' under 8 U.S.C. § 1227(a)(2)(E)(i)." *Id.* at 783. Accordingly, we remand this case to the BIA for reconsideration as well.

In addition, we conclude that Hernandez–Gonzalez adequately raised the issue of her continuous physical presence in the Notice of Appeal to the BIA. *See Kaganovich v. Gonzales,* 470 F.3d 894, 897 (9th Cir.2006) ("Petitioner's failure to elaborate on the argument [raised in the Notice of Appeal] in his brief to the BIA is immaterial to our jurisdiction."). As the BIA did not address Hernandez–Gonzalez's physical presence argument, we also remand this aspect of the petition for review. *See generally Tapia v. Gonzales,* 430 F.3d 997 (9th Cir.2005).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.