**FILED**

SEP 4 2018



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAKHWINDER SINGH SANGHERA,
AKA Lakhwinder Sanghera,

        Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney
General,

        Respondent.

No.  14-73507
      15-71240
Agency No. A046-866-497

ORDER

Before: WARDLAW and BYBEE, Circuit Judges, and ILLSTON,* District Judge.

Respondent's unopposed "motion to amend the Court's decision" of July 23, 2018, to reflect remand to the Board of Immigration Appeals is GRANTED. The memorandum disposition and dissent are withdrawn, and we concurrently file a new disposition and dissent.

**IT IS SO ORDERED.**

---

     * The Honorable Susan Illston, United States District Judge for the Northern District of California, sitting by designation.

FILED

UNITED STATES COURT OF APPEALS

SEP 4 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAKHWINDER SINGH SANGHERA,
AKA Lakhwinder Sanghera,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.   14-73507
      15-71240

Agency No. A046-866-497

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 28, 2017
Pasadena, California

Before:  WARDLAW and BYBEE, Circuit Judges, and ILLSTON,[**] District
Judge.

Lakhwinder Singh Sanghera, a native and citizen of India, petitions for

review of the Board of Immigration Appeals' (BIA or Board) order of removal

pursuant to 8 U.S.C. § 1227(a)(2)(E)(i), which deemed Sanghera removable for

_____

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Susan Illston, United States District Judge for the
Northern District of California, sitting by designation.

committing a "crime of child abuse." Sanghera also petitions for review of the Board's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we grant the petition without reaching the Board's denial of Sanghera's motion to reopen, and remand to the BIA.

1.      The IJ abused his discretion by applying the Board's 2008 definition of "crime of child abuse" retroactively to Sanghera's 2001 conviction for violation of California Penal Code section 273a(a).[1] *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 518 (9th Cir. 2012) (en banc) (quoting *Montgomery Ward & Co. v. FTC*, 691 F.2d 1322, 1328 (9th Cir. 1982)) (explaining the five-factor retroactivity test). Two years prior to his 2001 conviction, the BIA intimated, in a published decision in *Rodriguez-Rodriguez*, 22 I. & N. Dec. 991 (BIA 1999),[2] that its definition of the "crime of child abuse" in § 1227(a)(2)(E)(i) would conform to the "common

---

[1]   Sanghera did not waive his retroactivity arguments by failing to raise them to the Board or the IJ. "[E]xhaustion of administrative remedies with respect to the retroactivity issue is not required, except to invite the agency to correct its own error, if 'record development is unnecessary and the [agency] has no special expertise to do the retroactivity analysis.'" *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 514 (9th Cir. 2012) (en banc) (quoting *Chang v. United States*, 327 F.3d 911, 925 (9th Cir. 2003)). Because no further record development is necessary, the parties have briefed the issue before this court, and deference is not required, we consider the issue here in the first instance.

[2]   While the dissent correctly notes that *Rodriguez* focused on the separate crime of "child sexual abuse," we see no reason to ignore *Rodriguez*'s discussion of the "crime of child abuse," particularly when *Rodriguez* offered the Board's sole discussion of that separate crime at the time of Sanghera's no-contest plea to California Penal Code section 273a(a).

2

usage" of that term as defined in the 1990 edition of Black's Law Dictionary. *Id.* at 996. The dictionary defined "child abuse" as "(a)ny form of cruelty to a child's physical, moral or mental well-being." *Id.*

Sanghera reasonably relied on *Rodriguez* in anticipating the immigration consequences of his conviction. As the only pronouncement from the Board interpreting "crime of child abuse" at the time, *Rodriguez* had the power to persuade. *See Nguyen v. Holder*, 763 F.3d 1022, 1028 (9th Cir. 2014). Moreover, while the BIA issued unpublished decisions interpreting § 1227(a)(2)(E)(i) after *Rodriguez*, *see, e.g.*, *In re Palfi*, 2004 WL 1167145 (BIA 2004); *In re Pacheco Fregozo*, 2005 WL 698590 (BIA 2005), *Rodriguez* remained the only precedential decision discussing the scope of § 1227(a)(2)(E)(i)'s "crime of child abuse" for nearly a decade. *See Miguel-Miguel v. Gonzales*, 500 F.3d 941, 952 (9th Cir. 2007) (recognizing that "the longer and more consistently an agency has followed one view of the law, the more likely it is that private parties have reasonably relied to their detriment on that view"). We ultimately deemed *Rodriguez*'s commentary on § 1227(a)(2)(E)(i) dicta, *Velazquez-Herrera v. Gonzales*, 466 F.3d 781, 782–83 (9th Cir. 2006) ("*Velazquez I*"), but Sanghera could not have reasonably anticipated this result or what would happen eight years later. In fact, in the period between *Rodriguez* and *Velazquez I*, and even after, many of our sister circuits accepted *Rodriguez* as a reasonable interpretation of § 1227(a)(2)(E)(i). *See, e.g.*,

3

*Ochieng v. Mukasey*, 520 F.3d 1110, 1114–15 (10th Cir. 2008); *Nguyen v. Chertoff*, 501 F.3d 107, 114 n.9 (2d Cir. 2007); *Loeza-Dominguez v. Gonzales*, 428 F.3d 1156 (8th Cir. 2005).[3]

The Board did not issue a precedential interpretation of what constituted a crime of child abuse until 2008 in *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503 (BIA 2008) ("*Velazquez II*"), and when it did, the Board included criminally negligent conduct, *see id.* at 511, and conduct that did not result in any injury to the child, *see Matter of Soram*, 25 I. & N. Dec. 378, 380–81 (BIA 2010). Because our law requires us to assume that immigrant defendants will be "acutely aware of the immigration consequences of their convictions" when they enter plea agreements, *see INS v. St. Cyr*, 533 U.S. 289, 322 (2001), and because deportation is "'a particularly severe penalty,' which may be of greater concern to a convicted sentence than 'any potential jail sentence,'" *Sessions v. Dimaya*, 138 S. Ct. 1204, 1213 (2018), we conclude that the majority of the *Montgomery Ward* retroactivity factors weigh against retroactive application in this instance, and we deem the Board's retroactive application of *Velazquez II* an abuse of discretion.

---

[3] It makes no difference that these out-of-circuit opinions post-dated Sanghera's conviction, though the dissent thinks otherwise. We reference these decisions to show only that Sanghera reasonably relied on *Rodriguez*, as the Board's then only commentary of what amounted to a "crime of child abuse."

4

2.     Because the Board abused its discretion in applying *Velazquez II* retroactively to Sanghera's 2001 no-contest plea to California Penal Code section 273a(a), we rely on *Rodriguez* as the basis for a categorical analysis to determine whether Sanghera's conviction under California Penal Code section 273a(a) is a categorical match for the generic definition of a crime of child abuse. *See Fregozo v. Holder*, 576 F.3d 1030, 1035 (9th Cir. 2009) (citing *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1133 (9th Cir. 2006)) (applying categorical analysis without remand to the Board). Section 273a(a) criminalizes conduct with a minimum mens rea of criminal negligence. Under *Rodriguez*, the federal generic definition of a "crime of child abuse" criminalized conduct that "intentional[ly] and malicious[ly]" inflicted pain on the child. *Velazquez I*, 466 F.3d at 782–83. Because section 273a(a) criminalizes a broader array of conduct than *Rodriguez*'s federal generic definition of the crime, the California statute is not a categorical match to the federal generic definition. And because we previously concluded that section 273a(a) is not divisible, *see Ramirez v. Lynch*, 810 F.3d 1127, 1138 (9th Cir. 2016), our analysis stops here, *see Sandoval v. Yates*, 847 F.3d 697, 704 (9th Cir. 2017) ("Only divisible statutes are subject to the modified categorical approach."). Section 273a(a) is broader than the definition of "crime of child abuse" in *Rodriguez* and section 273a(a) is not divisible, so Sanghera's conviction under California Penal Code section 273a(a) was not a crime of child abuse.

5

Sanghera is not removable under *Rodriguez* based on his 2001 conviction and we vacate the order of removal.

3.     In addition to finding Sanghera removable under 8 U.S.C. § 1227(a)(2)(E)(i), the IJ found Sanghera removable under 8 U.S.C. § 1227(a)(2)(E)(ii) for violating a protective order, based on his conviction for violating a court order under Cal. Pen. Code § 166(a)(4).  The Board did not address this alternate ground of removal in its decision concluding that Sanghera was removable based on Section 1227(a)(2)(E)(i).  Accordingly, we remand the petition to the Board to address whether Sanghera is removable under 8 U.S.C. § 1227(a)(2)(E)(ii) and, if so, whether he is eligible for any relief from removal.  *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (a court of appeals "is not generally empowered to conduct a *de novo* inquiry" in the absence of an administrative judgment, and "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (citations omitted).

        **Petition GRANTED; REMANDED.**

*Sanghera v. Sessions*, Nos. 14-73507, 15-71240 (Pasadena - August 28, 2018)

BYBEE, Circuit Judge, dissenting:

In a recent published opinion, we held that the BIA's interpretation of the phrase "a crime of child abuse, child neglect, or child abandonment" in 8 U.S.C. § 1227(a)(2)(E)(i) is entitled to *Chevron* deference and applies retroactively to a conviction under California Penal Code § 273a(a). *See Martinez-Cedillo v. Sessions*, 896 F.3d 979, 982 (9th Cir. 2018). The only relevant difference between that case and this one is that the petitioner here was convicted under the same statute seven years earlier. That is a distinction without a difference. Because I believe this case is substantially identical to *Martinez-Cedillo*, I would deny the petition for review.

1.     In 2001, when Lakhwinder Singh Sanghera was convicted of felony child endangerment under California Penal Code § 273a(a), the BIA had never interpreted § 1227(a)(2)(E)(i) in a precedential decision. *See Martinez-Cedillo*, 896 F.3d at 983 (noting that "the BIA's interpretation of a crime of child abuse, neglect, or abandonment was unclear" at this time). The BIA did not offer a precedential interpretation of § 1227(a)(2)(E)(i) until May 2008, when it "interpret[ed] the term 'crime of child abuse' broadly to mean any offense

involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation." *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503, 512 (BIA 2008). Later, the BIA clarified that *Velazquez*'s definition encompassed child-endangerment crimes even if no actual injury to a child resulted. *Matter of Soram*, 25 I. & N. Dec. 378, 380–81 (BIA 2010).

In *Martinez-Cedillo*, we held that the BIA's decision in *Soram* applies retroactively to Martinez-Cedillo's August 2008 conviction under California Penal Code § 273a(a). 896 F.3d at 994. The only difference between that case and this one is that Martinez-Cedillo's conviction occurred between the BIA's decisions in *Velazquez* and *Soram*, while Sanghera's conviction occurred before *Velazquez* during the period when the BIA had not yet given a precedential interpretation of § 1227(a)(2)(E)(i). Thus, the only question before us is whether to give *Velazquez* retroactive effect here, as we did for *Soram* in *Martinez-Cedillo*.

2. We apply the five-factor *Montgomery Ward* test to decide whether to give the BIA's decisions retroactive effect. *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 518 (9th Cir. 2012) (en banc) (citing *Montgomery Ward & Co. v. FTC*, 691 F.2d 1322, 1328 (9th Cir. 1982)). The five factors are: (1) "whether the particular case is one of first impression," (2) "whether the new rule represents an abrupt

2

departure from well established practice or merely attempts to fill a void in an unsettled area of law," (3) "the extent to which the party against whom the new rule is applied relied on the former rule," (4) "the degree of the burden which a retroactive order imposes on a party," and (5) "the statutory interest in applying a new rule despite the reliance of a party on the old standard." *Id.*

The first factor is generally not "well suited to the context of immigration law" and does not weigh either for or against retroactivity. *Id.* at 521. The second and third factors both support retroactive application here: the BIA's decision in *Velazquez* was precisely an "attempt[ ] to a fill a void in an unsettled area of law," and because the law was unsettled, there was no "former rule" on which Sanghera could have reasonably relied. *See Martinez-Cedillo*, 896 F.3d at 982–87. The fourth factor cuts in Sanghera's favor because deportation is a substantial burden. But the fifth factor, like the second and third factors, favors retroactive application because "non-retroactivity impairs the uniformity of a statutory scheme, and the importance of uniformity in immigration law is well established." *Garfias-Rodriguez*, 702 F.3d at 523. Because three of the five *Montgomery Ward* factors support retroactive application, I would apply *Velazquez* retroactively to Sanghera's conviction and deny the petition for review.

3.      The only reason the majority gives for reaching the opposite

3

conclusion is that, at the time of his conviction, Sanghera supposedly relied on the

BIA's decision in *Rodriguez-Rodriguez*, 22 I. & N. Dec. 991 (BIA 1999). That

case did not concern § 1227(a)(2)(E)(i) but rather dealt with a different provision

of the INA. At most, *Rodriguez* noted in dictum that:

> By its common usage, "child abuse" encompasses actions or inactions
> that also do not require physical contact. See Blacks Law Dictionary
> [(6th ed. 1990)] (defining child abuse as "(a)ny form of cruelty to a
> child's physical, moral or mental well-being").

*Id.* at 996. It is the parenthetical to the citation in this dictum that the majority

claims formed the basis of Sanghera's reliance. It strains credulity to suggest this

impacted Sanghera's decision to plead no contest to the California crime.[1]

In the end, the majority applies a definition of § 1227(a)(2)(E)(i) that we

recognized as dictum in 2009 and that we hold today was "never in fact the

[BIA's] position." *Martinez-Cedillo*, 896 F.3d at 992. I respectfully dissent.

---

[1] The majority claims Sanghera's reliance on *Rodriguez* was bolstered by three out-of-circuit decisions. *Ochieng v. Mukasey*, 520 F.3d 1110, 1114–15 (10th Cir. 2008); *Nguyen v. Chertoff*, 501 F.3d 107, 114 n.9 (2d Cir. 2007); *Loeza-Dominguez v. Gonzales*, 428 F.3d 1156, 1158 (8th Cir. 2005). But all these decisions *postdated* Sanghera's conviction by four years or more. If we are going to assess Sanghera's reliance in light of decisions from after his conviction, we should look instead to our own decision holding that *Rodriguez*'s brief reference to § 1227(a)(2)(E)(i) was dictum and suggesting that the California statute under which Sanghera was convicted is in fact a crime of child abuse, neglect, or abandonment. *Pacheco Fregozo v. Holder*, 576 F.3d 1030, 1036 (9th Cir. 2009).

4