**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDE STEPHEN BENT, AKA Claude Bent, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.    17-72631 <br><br> Agency No. A037-050-176 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 14, 2019
San Francisco, California

Before:  WALLACE, TASHIMA, and McKEOWN, Circuit Judges.

Petitioner Claude Bent is a United States lawful permanent resident and

Jamaican national. In 2006, Bent was convicted of voluntary manslaughter and

attempted murder in California superior court. The Department of Homeland

Security (DHS) subsequently commenced removal proceedings, and the

Immigration Judge (IJ) concluded that Bent was removable for committing an

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

aggravated felony. The IJ denied Bent's claim for withholding of removal because he had been convicted of a particularly serious crime. The Board of Immigration Appeals (Board) affirmed, and Bent petitioned this court for review. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand for further proceedings.

Bent argues that the Board erred in its removability analysis because California attempted murder is broader than generic Immigration and Nationality Act (INA) attempted murder, as used in 8 U.S.C. § 1101(a)(43)(A).[1] Contrary to DHS's contentions, we have jurisdiction to consider this argument because Bent, acting pro se, argued to the Board that "the state offense does not match up with the generic offense," and the Board adjudicated whether California attempted murder was a categorical match for INA attempted murder. This argument is therefore exhausted. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873-74 (9th Cir. 2008).

On the merits, the Board held that Bent was removable because "the full range of conduct punishable as 'murder' under section 187(a) of the California Penal Code corresponds categorically to generic 'murder' under [8 U.S.C. § 1101(a)(43)(A)]." However, the Board did not consider whether generic INA

---

[1] Bent initially argued that the IJ lacked jurisdiction because Bent's notice to appear was inadequate. Bent has since conceded that this argument fails in light of *Karingithi v. Whitaker*, 913 F.3d 1158, 1162 (9th Cir. 2019).

murder encompasses feticide, which is punishable conduct under California's

murder statute. *See* Cal. Penal Code § 187(a). We therefore think it prudent to

remand for the Board to consider whether "murder" as used in that provision

categorically includes the unlawful killing of a fetus as prohibited by California.

*See Velazquez-Herrera v. Gonzales*, 466 F.3d 781, 783 (9th Cir. 2006) (remanding

under similar circumstances because "we think it prudent to allow the BIA in the

first instance to settle upon a definition of child abuse in a precedential opinion").

DHS argues that we should nonetheless deny the petition because Bent is

removable under the "modified categorical approach." Under this approach, when

a non-citizen has pleaded guilty to a state crime that is divisible into two sets of

elements,[2] one of which is overbroad to the INA and one of which is not, we

consult the charging document, plea agreement, plea colloquy, or other

"comparable judicial record of the factual basis for the plea" to determine upon

which set of elements the non-citizen's conviction rests. *Moncrieffe v. Holder*, 569

U.S. 184, 190-91 (2013) (quotation marks omitted) (quoting *Nijhawan v. Holder*,

557 U.S. 29, 35 (2009)). DHS argues that, while Bent's California judgment of

conviction only reflects that he was convicted of attempted murder under sections

187(a) and 664, the California information clearly and convincingly shows that he

---

[2]     Bent concedes that California attempted murder is divisible and that the modified categorical approach is applicable here, so we do not separately determine whether it is divisible.

3

was convicted of the attempted murder of a human being, rather than a fetus.

DHS's argument fails because we cannot infer that crimes of conviction in the judgment refer to the charges set forth in the information. *See United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc) ("[W]hen the record of conviction comprises only the [information] and the judgment, the judgment must contain the critical phrase "as charged in the Information"") (quotation marks and citations omitted); *Ruiz-Vidal v. Lynch*, 803 F.3d 1049, 1054 (9th Cir. 2015) (applying *Vidal*'s standard). Furthermore, DHS cannot rely on handwritten marks on Bent's information to argue that the information was amended by interlineation because this argument was raised for the first time at oral argument, and the Board has never considered the significance of the handwriting. On remand, however, we leave open the possibility that DHS may prevail under the modified categorical approach by raising this interlineation argument or by further developing the record of Bent's judgment of conviction.[3] Our disposition should not be read to prevent the Board from taking any action it deems appropriate under the

---

[3] After oral argument, DHS submitted a Rule 28(j) letter, to which was attached a transcript of Bent's state court plea colloquy. Bent disputes whether the plea colloquy establishes that his conviction was for the attempted murder of a human being, but that dispute is not relevant at this time because the plea colloquy is not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based"). We therefore do not consider the transcript, but DHS may offer it during further agency proceedings and the agency may determine its import in the first instance.

circumstances.

Finally, Bent also argued that the Board's withholding of removal analysis was faulty because it erred in its particularly serious crime determination. The Board did not consider this argument, but, if it has not been waived, may do so on remand.

**PETITION GRANTED; REMANDED.**